**John MATALA, Plaintiff,**

v.

**Ray MARSHALL, Secretary of Labor, and Consolidation Coal Company, Defendants.**

**Civ. A. No. 78–0035–W(H).**

United States District Court, N. D. West Virginia, Wheeling Division.

Feb. 13, 1980.

Steven B. Jacobson, Legal Department, UMWA, Washington, D.C., James M. Haviland, McIntyre, Haviland & Jordan, Charleston, W.Va., for plaintiff.

William D. Wilmoth, Asst. U. S. Atty., Wheeling, W.Va., for Secretary of Labor.

Belva D. Newsome, Washington, D.C., for Department of Labor.

Anthony J. Polito, Rose, Schmitt, Dixon, Hasley & Whyte, Pittsburgh, Pa., Ray A. Byrd, Schrader, Stamp & Recht, Wheeling, W.Va., for Consolidation Coal Co.

MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

This action is before the Court on a complaint for review of an administrative decision rendered in favor of the Defendants. Each party has submitted this case on a motion for summary judgment in accordance with *Rule* 56 of the Federal Rules of

Civil Procedure and the Court is of the opinion that there is no genuine issue of fact in dispute.

The stipulated facts to which each party agrees are summarized as follows. The Plaintiff, John Matala, is a coal miner employed by Defendant Consolidation Coal Company at its Blacksville Number 2 mine in Monongalia County, West Virginia, since prior to March 1, 1975. On that date Matala transferred from the position of continuous mine operator where he received $55.00 daily wages, plus $0.07 per hour "add on" cost of living adjustment as provided for in the National Bituminous Coal Wage Agreement of 1974, to the position of general inside laborer, which paid $48.91 daily. Matala made this transfer by exercising a statutory right in accordance with 30 U.S.C. § 843(b) after being notified that a roentgenogram of his chest showed evidence of the development of pneumoconiosis. From the time of his transfer to 1977, Matala has been paid $55.00 per day plus cost-of-living adjustments for most of the time period, bringing his pay in 1977 to $56.84 per day. During the same time period the wage rate for a continuous mine operator advanced to $63.08.

The single issue on which these parties are in dispute centers about the interpretation of the statutory phrase:

"Any miner so transferred shall receive compensation for such work at not less than the regular rate of pay received by him immediately prior to his transfer." 30 U.S.C. § 843(b)(3).

In essence, Matala maintains that this language calls for him to be compensated at the current wage rate paid to a continuous mine operator. Defendants, on the other hand, maintain that he should be compensated at least at the rate paid to continuous mine operators in 1975, with his rate of pay to pass that mark only when that assigned to his current position does.

The single federal court decision dealing with this question is *Higgins v. Marshall*, 190 U.S.App.D.C. 54, 584 F.2d 1035 (D.C.Cir. 1978) (J. Skelley Wright, Chief Judge, dissenting), *cert. denied* 441 U.S. 931, 99 S.Ct.

2051, 60 L.Ed.2d 659. After careful consideration of the arguments of all parties to this action this Court finds the dissenting opinion of Chief Judge Wright to be more persuasive than that of the majority. Judge Wright let his opinion be guided by the words of Congress, first in the bill itself: "The first priority and concern of all in the coal mining industry must be the health and safety of its most precious resource—the miner." 30 U.S.C. § 801(a) (1970); and second, in the Conference Report which accompanied the legislation that: "[I]n adopting these provisions, the managers intended that the act be construed liberally when improved health or safety to the miners will result." H.R.Rep. No. 91–761, 91st Cong., 1st Sess., 63 (1969). Cf. *Rose v. Clinchfield Coal Co.*, 614 F.2d 936 (4th Cir. 1980).

■ With these two principles firmly in mind, Judge Wright then turned to the statute's requirements that miners who transfer be compensated at "not less than the regular rate of pay received by him immediately prior to his transfer." 30 U.S.C. § 843(b)(3). This Court finds persuasive the dissenting judge's conclusion that "regular rate of pay" is susceptible of two interpretations—dollar rate or classification rate. That is, should these words be interpreted to mean that the miner be compensated at the same dollar rate—here $55.00 a day—or at the same classification rate—here continuous mine operator—as he was immediately prior to his transfer. This Court concurs with Judge Wright that the second interpretation—classification rate—is the one which Congress intended in drafting this legislation.

■ Therefore, in accordance with 5 U.S.C. § 706, and concluding that the Secretary's interpretation of 30 U.S.C. § 843(b)(3) was plainly erroneous in that it was inconsistent with Congressional intent, this Court reverses the decision of the Secretary and remands the case with directions that judgment be entered in accordance with the principles expressed in this opinion. The Secretary is further directed to consider application for costs, expenses and attorney fees in accordance with 30 U.S.C. § 938.

**1334**

The Court further ORDERS that the Defendants' motion for summary judgment are DENIED, and that the Plaintiff's motion for summary judgment is granted insofar as it requests remand to the Secretary.